NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**NANCY C. WARRENDER,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

_____

2017-1679

_____

Petition for review of the Merit Systems Protection Board in No. DC-0845-15-1135-I-1.

_____

Decided: July 14, 2017

_____

NANCY C. WARRENDER, Burlington, NC, pro se.

FARIDA ALI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., BRIAN MIZOGUCHI.

_____

Before LOURIE, MOORE, and HUGHES, *Circuit Judges.*

PER CURIAM.

Nancy Warrender appeals from the final order of the Merit Systems Protection Board ("Board") affirming the decision of the Office of Personnel Management ("OPM") denying her request for waiver of repayment of a benefit overpayment paid under the Federal Employee Retirement System ("FERS"). *See Warrender v. Office of Pers. Mgmt.*, No. DC-0845-15-1135-I-1, 2016 WL 7439441 (M.S.P.B. Dec. 16, 2016) ("*Final Order*"). For the reasons that follow, we *affirm*.

BACKGROUND

Ms. Warrender, a former employee of the Internal Revenue Service ("IRS"), was approved by OPM for FERS disability retirement benefits on January 10, 2006. OPM's award letter advised her that she was required to apply for Social Security Administration ("SSA") disability benefits, provide proof that she had applied for SSA disability benefits, and notify OPM of any SSA disability benefits received.

OPM sent Ms. Warrender another letter on March 16, 2006, inquiring into the status of her SSA benefits application and reminding her that OPM was required to deduct all or part of any SSA benefits from the FERS benefit. The March 16, 2006 letter also advised Ms. Warrender that she should set aside any overpayment based on her receipt of SSA disability benefits because she was legally required to repay that money to OPM. Ms. Warrender responded to the March 16, 2006 letter, informing OPM only that she had filed a reconsideration appeal at the SSA for its initial denial of her benefits application.

By letter dated March 16, 2015, OPM notified Ms. Warrender that it had determined that she became entitled to SSA benefits, effective August 1, 2009, and thus that she had been overpaid $51,348.00 in civil service annuity benefits for the period of August 1, 2009 through the end of February, 2015.

Ms. Warrender requested reconsideration, asking for a waiver of the overpayment, and OPM issued a decision on August 4, 2015, affirming its initial decision and establishing a repayment schedule of 150 monthly installments of $341.16 and one final installment of $174.00.

Ms. Warrender appealed to the Board and on April 12, 2016, an administrative judge issued an initial decision affirming OPM's denial of a waiver, but adjusting the repayment schedule down to 342 monthly payments of $150.00 and a final installment of $48.00 due to Ms. Warrender's financial hardship. *See Warrender v. Office of Pers. Mgmt.*, No. DC-0845-15-1135–I–1 (M.S.P.B. April 12, 2016) (Resp't's App. 45–61) ("*Initial Decision*"). Ms. Warrender subsequently filed a petition for review to the full Board and on December 16, 2016, the Board affirmed the Initial Decision in its Final Order.

Ms. Warrender timely appealed. This court has jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Briggs v. Merit Sys. Prot. Bd.*, 331 F.3d 1307, 1311 (Fed. Cir. 2003). Ms. Warrender bears the burden of proving entitlement to a waiver of an overpayment by substantial evidence. 5 C.F.R. § 845.307(b) ("Burden of annuitant. The recipient of an overpayment must establish by substantial evidence that he or she is eligible for waiver or an adjustment.").

On appeal, Ms. Warrender challenges only the Board's finding that she does not qualify for a waiver of

the overpayment. She argues that the Board erred in not considering that the "MSPB failed to grant leave when . . . [her] father died in 2016 and failed to account [for] form OMB 3206-0167 Part 2 C5& C6." Pet'r's Br. 1. She also asserts that she had applied for a pro bono attorney and was not provided with one. Finally, she asks for a waiver of the overpayment due to financial hardship.

The government responds that the Board's decision should be affirmed because Ms. Warrender fails to demonstrate any error by the Board. The government asserts that it is unclear how the Board could grant Ms. Warrender "leave" for the period of time when her father died or how any such failure to grant leave affected her claim for an overpayment waiver. Further, the government points out that form OBM 3206-0167 contains neither a "Part 2" nor sections "C5 & C6," so the Board could not have erred in not considering those sections. Finally, the government maintains that substantial evidence supports the Board's finding that Ms. Warrender was not without fault in the overpayment and that OPM's recovery would not be against equity and good conscience.

We agree with the government that the Board properly affirmed OPM's decision to deny a waiver. First, we conclude that the Board applied the correct legal framework in its analysis.

OPM may recover an overpayment from a recipient who is not eligible for waiver. *See* 5 C.F.R. § 831.1401. A recipient is eligible for waiver if (a) he or she is "without fault" and (b) "recovery would be against equity and good conscience." *Id.* § 845.301. One who receives an "overpayment is without fault if he or she performed no act of commission or omission that resulted in the overpayment. The fact that the [ ] OPM or another agency may have been at fault in initiating an overpayment will not necessarily relieve the individual from liability." *Id.* § 845.302.

OPM is required to consider certain factors when determining fault:

> (1) Whether payment resulted from the individual's incorrect but not necessarily fraudulent statement, which he or she should have known to be incorrect;

> (2) Whether payment resulted from the individual's failure to disclose material facts in his or her possession, which he or she should have known to be material; or

> (3) Whether he or she accepted a payment that he or she *knew or should have known to be erroneous.*

*Id.* § 845.302(a) (emphasis added).

Even if Ms. Warrender "is ineligible for waiver," she may still be "entitled to an adjustment in the recovery schedule if [ ] she shows that it would cause [ ] her financial hardship to make payment at the rate scheduled." *Id.* § 845.301. "Financial hardship may be deemed to exist in—but not limited to—those situations where the annuitant from whom collection is sought needs substantially all of his/her current income and liquid assets to meet current ordinary and necessary living expenses and liabilities." *Id.* § 831.1404.

The Board's analysis complied with the legal framework outlined above. The Board first determined that Ms. Warrender was not eligible for a waiver because she knew or should have known of the overpayment, but it then adjusted the repayment schedule due to her financial hardship.

Second, we find the Board's decision to be supported by substantial evidence and in accordance with law. The Board explained that Ms. Warrender "knew or should have known the payment she received was erroneous" because she received two letters from OPM expressly

stating that she must report the amount of SSA benefits she receives so that the amount could be deducted from her FERS annuity. *Final Order*, 2016 WL 7439441, ¶ 8. That finding is supported by substantial evidence.

The record shows that OPM sent Ms. Warrender two letters, dated January 10, 2006 and March 16, 2006, expressly informing her that OPM was "required to deduct all or part of [any] Social Security benefits from the FERS" and that she should thus "hold" or set aside any SSA retroactive payment "so that [she would] have sufficient funds to repay [her] duplicate payment" because she was "legally required to repay this money to OPM." Resp't's App. 4–8. Ms. Warrender does not deny that she received either letter. In fact, she responded to the March 16, 2006 letter, informing OPM that she had filed for a reconsideration of the SSA's initial denial of her benefits application. *Id.* at 9–10. Thus, the Board properly found that she knew or should have known of the overpayment.

Because the Board found that Ms. Warrender knew or should have known that she received an overpayment, it then properly determined that the "set-aside rule" applied to her case. According to the set-aside rule, individuals who know or suspect that they are receiving overpayments must set aside the amount overpaid pending recoupment. *See, e.g.*, *Boyd v. Office of Pers. Mgmt.*, 851 F.3d 1309, 1313–14 (Fed. Cir. 2017). When the set-aside rule applies, recovery by OPM of the overpayment is "not against equity and good conscience" and cannot be waived absent "exceptional circumstances," which do not include financial hardship. *Id.* at 1313 (internal quotation marks omitted). Thus, the Board found that Ms. Warrender did not qualify for a waiver.

That determination was legally sound and is supported by substantial record evidence. Ms. Warrender challenges the Board's determination based solely on her financial hardship. But, as we noted above, financial

hardship cannot qualify an individual for a waiver if the set-aside rule applies—i.e., if she knew or should have known of the overpayment—as is the case here. Thus, the Board properly affirmed OPM's decision denying Ms. Warrender a waiver from recovery of the overpayment.

Ms. Warrender does not appear to dispute the Board's adjustment of her repayment schedule and, as the Board noted, even if she did, any request for further adjustment should be addressed to OPM, as provided by section V(F)(5) of OPM's Policy Guidelines. *See Martin v. Office of Pers. Mgmt.*, 49 M.S.P.R. 134, 137 (1991), *aff'd*, 960 F.2d 156 (Fed. Cir. 1992).

## CONCLUSION

We have considered the remaining arguments but find them to be unpersuasive. For the foregoing reasons, we affirm the decision of the Board.

## AFFIRMED

## COSTS

No costs.